# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OAKLEY, INC.<br><br>      Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>      Defendants. | Case No.: 1:20-cv-05049<br><br>Judge John F. Kness<br><br>Magistrate Judge Heather K. Mcshain |

# DEFENDANT'S REQUEST FOR STATUS CONFERENCE CONCERNING MOTION TO DISMISS AND OPPOSITION TO PRELIMINARY INJUNCTION

Defendant SPLOV Official Store, through its operator Yiwu Xunting Trading, Co., Ltd. (hereinafter, "SPLOV") respectfully request that the Court set a status conference concerning the status of motion to dismiss currently pending in this action. Specifically, as summarized below, SPLOV requests an opportunity to discuss (1) Defendant SPLOV does not have minimum contact with Illinois, it is not subject to personal jurisdiction in this court; (2) the service of process is improper due to non-compliance of Hague Convention as the plaintiff failed served the complaint and summons to defendant when plaintiff can obtained the physical addresses from Aliexpress.com because SPLOV complies with the AliExpress's requirement that each store needs to provide official registration; and (3) as a result of (1) and (2), this Court should not enter preliminary injunction against SPLOV.

SPLOV greatly appreciates the Court's ongoing attention to this matter and knows that the Court is currently reviewing SPLOV's Motion to Dismiss. *See* Memorandum in Support of Motion to Dismiss and Opposition to Preliminary Injunction. Dk. No 39, 40. SPLOV respectfully submits that a status conference could assist the Court in addressing those matters, and to help ensure that the motion to dismiss in this case does not remain at a standstill. At the Court's preference as an alternative to a status conference, SPLOV respectfully requests a hearing on the pending Motion to Dismiss and Opposition to Preliminary Injunction filed by SPLOV, i.e., SPLOV's Motion and Opposition, Memorandum in Support of SPLOV's Motion to Dismiss and Opposition to Preliminary Injunction if that would be of assistance to the Court.

## Summary of Issues for Conference and/or Hearing

*First,* SPLOV respectfully requests an opportunity to discuss the lack of personal jurisdiction within its motion to dismiss. Plaintiff sued hundreds of different online entities, which operated stores within AliExpress, Wish, and other websites. Plaintiff alleges that Defendant's E-commerce Store offered for sale, sold and shipped unauthorized and unlicensed product that infringes the Oakley Design

("Infringing Product") to the United States, including to the State of Illinois. Declaration of Justin R. Gaudio ("Gaudio Dec.") at ¶ 3. Specifically, Defendant reached out to do business with the United States, including Illinois, by affirmatively authorizing sales to United States consumers and selecting the United States from a list of potential countries to target,3 and then offering for sale, selling and shipping Infringing Product to Illinois.

Regarding the products and trademarks in question in Complaint, the only transaction SPLOV made to Illinois is the sham transaction through the Plaintiff or its representative. Decl.of Zhang. ¶ 16, Dk. No. 40. None of the other transactions (besides the sale to the Plaintiff) were made to anyone in Illinois. *Id*. The uncontroverted evidence here is that, setting aside the Plaintiff's transactions in an attempt to create jurisdiction here, there is no relevant contacts whatsoever, let alone "minimum contacts" with Illinois. Other than the transactions to the Plaintiff, there is no evidence SPLOV ever shipped the alleged infringing product to Illinois. At most the stores operated online stores within AliExpress that were accessible from Illinois, as well as everywhere else. In addition, nothing in the record shows that Defendant's online store is less accessible or varies, depending upon from where in the United States (or anywhere else in the world) a user accesses the website. Plaintiff also affirms that "Defendant's reaching out and expressly electing to do business with the residents of all fifty states…" Opp'n. p. 6, Dk. No. 47.

**Second**, SPLOV respectfully requests an opportunity to discuss the improper service within its motion to dismiss. Plaintiff alleges that it has satisfied the service of process by sending an email to the summons and complaint to Defendant's email address. Opp'n. pp. 11-12, Dk. No. 47. Plaintiff further alleges that service by e-mail is not prohibited by the Hague Convention, including for China-based defendants and that service via e-mail comports with constitutional notions of due process, because it was reasonably calculated, under all of the circumstances, to apprise Defendant of the pendency of this

action and afford Defendant an opportunity to present objections. Opp'n. p. 14, Dk. No. 47. Plaintiff also alleges that the return address for the Infringing Product was a P.O. Box at Suvambhumi Airport in Bangkok, Thailand. Opp'n. p. 13, Dk. No. 47. However, this argument fails because the P.O. Box is not a physical address. The physical address of SPLOV has always been the same address provided to AliExpress. The P.O. Boxhas no bearing in determining whether SPLOV's physical address is known to Plaintiff. Second, it is common for business to have a P.O. Box for return, especially entities conducting business worldwide. The bottom line is, on the surface, Plaintiff bears the burden of proof. SPLOV's physical address includes all the necessary details for a postal delivery. Plaintiff made noattempts to serve SPLOV's physical address but relied on alternative services.

Furthermore, the analysis of the defendant's country position on article 10 of the Hague Service Convention is crucial in determining whether the service of process is valid. Rule 4(f)(3) and the Hague Service Convention are not mutually exclusive. Here, China as the destination country objects to all forms of service authorized under Article 10. It is only reasonable to conclude that China's objection to all the means of service listed in Article 10 precludes service by other means not explicitly listed in Article 10, such as email. Reply, pp. 4-5, Dk. No. 51.

As such, SPLOV respectfully requests that the Court hold a status conference to address these issues. It is SPLOV's hope that a status conference may streamline the issues for the Court,and assist the Court in moving the case forward toward the motion to dismiss hearing as well as opposition to preliminary injunction.

                                                                  Respectfully Submitted:

DATED: March 26, 2021                                               s/      Tianyu Ju
                                                                            Tianyu Ju, Esq.
                                                                            **Glacier Law PLLC**
                                                                            200 E. Randolph Dr., Ste. 5100

Chicago, IL 60601
***Attorney for Defendant***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this March 27, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

DATED:  March 27, 2021                                  s/        Tianyu Ju          
                                                                                 Tianyu Ju, Esq.
                                                                                 **Glacier Law PLLC**
                                                                                 200 E. Randolph Dr., Ste. 5100
                                                                                 Chicago, IL 60601
                                                                                 *Attorney for Defendant*